**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 13-cr-00444-CMA
Civil Case No. 15-cv-00853-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

STACEY ELLA McKERN,
   a/k/a Michelle E. Aragon,
   a/k/a Stacey Aragon,

      Defendant.

---

**ORDER DENYING MOVANT'S 28 U.S.C. § 2255 MOTION <u>AND</u> RULE 35 MOTION
FOR REDUCTION OF SENTENCE**

---

This matter is before the Court on Defendant-Movant Stacy Ella McKern's Motion

to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (§ 2255

Motion) (Doc. # 82) and Rule 35 Motion for Reduction of Sentence (Doc. # 87).  For the

reasons stated below, the instant Motions are denied.

## I.  <u>BACKGROUND</u>

In October of 2013, a federal grand jury heard evidence about how Ms. McKern

filed serial bankruptcy petitions over a four-plus year period, to live rent-free and

defraud seven different landlords.  On October 23, 2013, an indictment issued charging

Ms. McKern with, among other things, bankruptcy fraud and misuse of a social security

number, in violation of 18 U.S.C. §§ 157(1) & 2, and 42 U.S.C. § 408(a)(7)(B),

respectively.  (Doc. ## 1, 28.)  In March of 2014, Ms. McKern pleaded guilty to counts 5

and 12 of the indictment, admitting to bankruptcy fraud and the false use of a social

security number.  (Doc. ## 27, 28.)  Ms. McKern moved for and was granted multiple

continuances of the sentencing hearing.  (Doc. ## 32, 33, 34, 36, 37, 44, 45, 54, 55.)

She also filed objections to the Presentence Report and a sentencing statement, both of

which argued, *inter alia*, that her family circumstances – specifically, her husband's

status as a disabled Vietnam veteran and her special-needs son – warranted a

sentence of probation or home confinement.  (Doc. ## 40 at 4, 57-1 at 1).

On January 14, 2015, Ms. McKern was sentenced to a total term of 18 months

imprisonment on each count, to be served concurrently, and to supervised release for a

term of 3 years on each count, also to be served concurrently.  (Doc. # 59.)  The

sentence of 18 months imprisonment was at the top of the advisory guideline range.

(Doc. # 77 at 28.)  In addition, Ms. McKern was ordered to pay restitution in the amount

of $84,751.65.  (Doc. # 39.)  She is currently in custody.  Ms. McKern filed an appeal of

her sentence (Doc. # 60), which was dismissed by the Tenth Circuit Court of Appeals.

(Doc. ## 81, 86.)

On April 22, 2015, Ms. McKern, acting *pro se*, filed the instant Motion under 28

U.S.C. § 2255, claiming ineffective assistance of counsel.  (Doc. # 82 at 4.)  She asserts

that, as a result of her counsel's errors, she entered an involuntary guilty plea; she also

challenges the amount of restitution that she was ordered to pay to her victims.  (Doc.

# 82 at 5-8, 12-13.)  On May 4, 2015 – almost four months after being sentenced –

she filed the instant Rule 35 Motion for Reduction of Sentence.   (Doc. # 87.)   The

Government responded to both Motions.  (Doc. ## 90, 94.)

## II. DISCUSSION

### A. LEGAL STANDARD

### 1. *Pro Se* Applicant

Ms. McKern is proceeding *pro se.*  (*Id.* at 1.)  The Court, therefore, "review[s]

[her] pleadings and other papers liberally and hold[s] them to a less stringent standard

than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th

Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)

(holding allegations of a *pro se* complaint "to less stringent standards than formal

pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations

without supporting factual averments are insufficient to state a claim on which relief

can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not

assume that a petitioner can prove facts that have not been alleged, or that a defendant

has violated laws in ways that a petitioner has not alleged.  *See Assoc. Gen.*

*Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983);

*Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply

additional factual allegations to round out a [movant's] complaint"); *Drake v. City of Fort*

*Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or

theories for the [movant] in the absence of any discussion of those issues").   Similarly,

a litigant's *pro se* status does not entitle her to application of different rules.  *See*

*Montoya v. Chao*, 296 F.3d 952, 958 (10th Cir. 2002).

**2. Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. The United States Supreme Court has recognized that "the right to counsel is the right to the effective assistance of counsel" and has set forth two components to assess whether a particular counsel's representation was constitutionally ineffective. *Strickland v. Washington*, 466 U.S. 668, 686–87 (1984). First, the movant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. This is no easy proposition, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. A court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

Second, the movant must identify acts or omissions made by the attorney that resulted in prejudice to the movant. *Id.* A movant is prejudiced when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Specifically, "[t]o establish *Strickland* prejudice . . . [i]n the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012). Specifically, when a movant claims that ineffective

assistance led to the improvident acceptance of a guilty plea, the movant must show

"that there is a reasonable probability that, but for counsel's errors, [the defendant]

would not have pleaded guilty and would have insisted on going to trial." *Id.*

### 3. Rule 35(a)

Rule 35(a) of the Federal Rules of Criminal Procedure provides a mechanism for

a court to correct a sentence resulting from "arithmetical, technical, or other clear error."

Fed. R. Crim. P. 35(a). A motion pursuant to this provision, however, must be filed

"within 14 days after sentencing." *Id.*

### B. APPLICATION

### 1. § 2255 Motion – Involuntary Guilty Plea

Prior to accepting a guilty plea, the Court asks a defendant a series of questions

under oath, designed to ensure that the plea is made voluntarily, knowingly, and

intelligently. Fed. R. Crim. P. 11(b). The truth and accuracy of a defendant's statements

in a Rule 11(b) colloquy "are regarded as conclusive in the absence of a believable

reason justifying departure from their apparent truth." *United States v. Wallgren*, 58 F.

App'x 391, 393 (10th Cir. 2003) (quoting *United States v. Bambulas*, 571 F.2d 525, 526

(10th Cir. 1978)); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("[T]he

representations of the defendant, his lawyer, and the prosecutor at [a change of plea]

hearing, . . . constitute a formidable barrier in any subsequent collateral proceedings.

Solemn declarations in open court carry a strong presumption of verity.").

In her § 2255 Motion, Ms. McKern states that, as a result of hernia surgery and

ensuring complications, she was "not 100% mental, or physical [sic] to deal and

understand what was going on with my plea agreement completely due to pain medications and recovery from the previous surgery's [sic].  My doctors share[d] with me it can take up to 6-9 months after surgery to get almost 100% due to the effects of anthesia [sic] and body to recover [sic]."  (Doc. # 82 at 5.)   Although she does not specifically state that she was on pain medication the day of her change of plea hearing, she notes that she was "on pain medication and still not 100% in March 2014."  (*Id.* at 6.)  She also asserts that she did not agree with the facts in the plea agreement, "such as the squatting, filing frivolous insurance claims and restitution as well."  (*Id.* at 5-6.)

These assertions, however, are plainly belied by the record.  At the change of plea hearing, Ms. McKern was specifically asked whether she was "under the influence now of any drug, narcotic, marijuana, or alcohol," or "any type of medicine," and she answered "no."  (Doc. # 75 at 6.)  Additionally, the Court asked her if she had taken "any drugs, alcohol or medicine in the last three days" and she answered "no."  (*Id.*)  Additionally, the Court asked whether there was "anything at all about how you feel right now, either physically or emotionally, that prevents you from understanding what is happening in this hearing," and she stated, "[n]ot at this time, no."  (*Id.*)   Ms. Mckern also specifically stated that she agreed with the facts stated in the plea agreement and denied that there was "any inaccuracy in those facts."  (*Id.* at 10.)  When the Court asked her to describe – in her own words – precisely what she was pleading guilty to, she stated that "I filed bankruptcy for the intent to defraud using a false Social Security number."  (*Id.* at 11.)  She testified that she had reviewed the plea agreement with her counsel, that he had answered her questions about the agreement to her satisfaction,

and that she understood the charges against her and the consequences of her guilty plea. (*Id.* at 7, 9, 19.) Ms. McKern has presented **no** reason, much less a credible and compelling reason, to reject the statements she made under oath at the plea hearing, *see Wallgren*, 58 F. App'x at 393; as such, the Court regards her statements as both truthful and accurate, and they provide no support for an ineffective assistance of counsel claim. *See also Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996) (holding conclusory allegations of ineffective assistance of counsel are insufficient to overcome solemn declarations on the part of a defendant).

Ms. McKern next argues that her plea was involuntary and that she was intimidated into accepting it by counsel because

> [Counsel told me] if I didn't sign the Plea Agreement right then and agree with everything, the Government would go to trial and charge me with all the offenses against me. . . I was scared into taking the agreement and if I fight the agreement during the process, the plea agreement would be withdrawn and face over 10 counts against me.  So yes I agreed the issues and Plea Agreement in open court but didn't want to or agree to the matters at hand but scared [sic] and forced to agree.

(Doc. # 82 at 6.)

However, not only did Ms. McKern testify under oath that no one had forced her to plead guilty (Doc. # 75 at 24), counsel's truthful description of what would happen if she did not sign the Plea Agreement – i.e., she would be charged with all of the counts and have to go to trial – does not constitute coercion.  To the contrary, if counsel believes that a plea is in his or her client's best interest, it would be improper **not** to urge a client to accept such a plea. *See Nicholls v. Bigelow*, 558 F. App'x 778, 786 (10th Cir. 2014) (citing *Miles v. Dorsey*, 61 F.3d 1459, 1470 (10th Cir. 1995)) (noting that

"presenting the brutal facts to a client is the job of counsel; it is not coercion," and holding that defense counsel's "vigorous urging" that a defendant to plead guilty is voluntary and "proper conduct by an attorney if he [or she] believes that a plea is the best course"); *Fields v. Gibson,* 277 F.3d 1203, 1214 (10th Cir. 2002) (internal citations omitted) ("[O]ne central component of a lawyer's job is to assimilate and synthesize information from numerous sources and then advise clients about what is perceived to be in their best interests.  Advice – even strong urging – by counsel does not invalidate a guilty plea.")

Lastly, Ms. Mckern argues that Counsel was ineffective because she suffers from PTSD and although she "offered to be seen by a court appointed doctor or one of my insurance would pay for . . . that option was never explored . . . Mr. Golla shared it wouldn't help in my defense or sentencing."  (Doc. # 82 at 15.)  She argues that this failure affected her sentence, because "if testing had been done prior to sentencing those results could have been brought into play and make a difference at sentencing as well."  (*Id.* at 16.)

On November 4, 2014, almost eight months after entering her pleas of guilty and two months before her sentencing hearing, Ms. McKern docketed an email message she had sent to Chief Judge Krieger asserting that her lawyer was ineffective.  (Doc. # 47.)  In response to that email and one sent to his office, Ms. McKern's lawyer filed a motion to withdraw as counsel indicating that there has been a total and complete breakdown in communications with Ms. McKern.  (Doc. # 50 at 1-2.)  The Court subsequently held an *ex parte* hearing during which Ms. McKern suggested that

counsel was ineffective because, among other things, he had not pursued a mental

health defense.  (Doc. # 76 at 7-10.)  Ms. McKern's attorney responded that he did not

have sufficient evidence to pursue such a defense:

> There is [a] one-page document -- she got a CAT scan -- where
> apparently it is unremarkable. There is [sic] three words about some gray
> matter there. But there is nothing that suggests any type of organic
> disease or anything of that nature.  And I have no records, no records at
> all on any history of PTSD.  I have none.  So I have to make a decision as
> a lawyer whether to seek a mental health evaluation or not.  And I chose
> not to based on the fact that the only document I had really didn't indicate
> to me that there was any – that there was much concerns.  But, again, if
> Ms. McKern -- and she said that she was beaten up by a boyfriend and
> had headaches, all of this and all of that. You know, I am more than happy
> to request, through my office, that we do a mental health eval, I am more
> than happy to do that.

(*Id.* at 11-12.)

The Court finds that this decision not to order a mental health evaluation was an

adequately informed strategic choice.  Ms. McKern's counsel had "no records at all on

any history of PTSD," and the CAT scan Ms. Mckern provided was "unremarkable."

There was no indicia of mental illness nor any indication that a mental evaluation would

be fruitful.  *See Mayes v. Gibson*, 210 F.3d 1284, 1289 (10th Cir. 2000) (counsel was

not deficient because "[n]othing in the record indicates a reasonable attorney would

have believed [Defendant's] mental condition was a potentially mitigating factor");

*United States v. Nguyen*, 413 F.3d 1170, 1181 (10th Cir. 2005) ("Where it is shown that

a particular decision was, in fact, an adequately informed strategic choice, the

presumption that the attorney's decision was objectively reasonable becomes virtually

unchallengeable") (quotation marks and citation omitted).

In any case, Ms. McKern also fails to show that her counsel's decision resulted in prejudice, i.e., that a "reasonable probability" the evidence she now points to would have changed the Court's sentencing determination. *See Plantz v. Massie*, 216 F.3d 1088 (10th Cir. 2000). She merely makes a conclusory assertion that she has PTSD, but does not demonstrate that she would have actually obtained a PTSD diagnosis, much less that such a diagnosis would have shown that her PTSD was so severe as to make her case different from typical bankruptcy frauds. *See United States v. Pena*, 566 F. App'x 645, 650 (10th Cir. 2014) ("Ultimately, it is beyond cavil that conclusory allegations . . . do not satisfy *Strickland*'s prejudice inquiry.") Moreover, her allegations about her mental health were known to the Court at the sentencing hearing; specifically, she told her probation officer that she was "diagnosed with PTSD in 1986 or 1987," and that she "continues to suffer from symptoms of PTSD when she is under stress." (Doc. # 42 at 22.) Because Ms. McKern has failed to show either that counsel's performance in failing to order a mental health evaluation was deficient or that this deficiency was prejudicial, her claim of ineffective assistance fails.

## 2. § 2255 Motion – The Restitution Order

The Court ordered Ms. McKern to pay $84,751.65 in restitution, which is mandatory under 18 U.S.C. § 3663A(c)(1)(A)(ii). She asserts that counsel told her it was "not worth fighting the amount [of restitution] at this time [because] if not paid during my probation then it would just become a debt on my credit report or I could try to fight restitution after sentencing with the probation department." (Doc. # 82 at 11.) She also claims that her counsel was ineffective because he failed to obtain information to

challenge the amounts she owed to particular victims in restitution; for example, she

asserts that she had already paid one of the victims "through a state case as ordered

restitution . . . prior to this case being brought up against me," and despite counsel's

promise that he would "check on that issue" he never followed through.  (*Id.*)  Ms.

McKern implies that this error impacted the length of her sentence in stating that "if

restitution had been verified, listed out on my plea agreement and Pre Sentence Report,

my points might have been lower and the judgment have not been so prejudice[d] on

restitution at sentencing."  (*Id.* at 13.)

However, the Tenth Circuit has concluded, based on the language of section

2255, that a defendant may not challenge a restitution award in a § 2255 motion

because such an award does not affect the duration of a defendant's sentence.  *United

States v. Satterfield*, 218 F. App'x 794, 796 (10th Cir. 2007) (unpublished) (citing *United

States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003)) (explaining that a defendant

cannot challenge the amount of restitution awarded by way of a § 2255 motion

"because he is not 'claiming the right to be released' from custody" based on his claim);

*United States v. Papa*, 97 Fed. App'x. 848, 851 (10th Cir.2004) (unpublished) (same);

*United States v. Wayne*, 394 F. App'x 497, 498 (10th Cir. 2010) (unpublished) (holding

that the challenge to a restitution order "was required to be brought on direct appeal.")

This is true even if such claim is combined with other claims requesting a release from

custody, such as Defendant's Rule 35 Motion.   *See Satterfield*, 218 F. App'x at 795-96

(affirming district court's dismissal of claim for reduction of restitution and substantive

rejection of remaining claims).   Ms. McKern's assertion that the amount of restitution

affected the length of her sentence is also inaccurate as a matter of law.  As the

Government correctly notes, with regard to fraud offenses, the offense level depends on

the amount of loss, not the amount of restitution.  USSG § 2B1.1(b).   Movant's

bankruptcy fraud was increased by six levels, because the loss amount was more than

$30,000 but less than $70,000.  (Doc. # 42 at 11.)  As such, the amount of restitution

had no bearing on her sentence.

In sum, this Court lacks jurisdiction to entertain challenges to Defendant's

restitution order under § 2255.

### 3.  Rule 35 Motion

The Government argues that the Court lacks jurisdiction to alter Defendant's

Sentence under Rule 35 of the Federal Rules of Criminal Procedure.  The Court agrees.

District courts do not possess the "inherent power to resentence defendants at any

time"; rather, they may modify a defendant's sentence "only in specified instances

where Congress has expressly granted the court jurisdiction to do so."  *United States v.*

*Green*, 405 F.3d 1180, 1184 (10th Cir. 2005).  18 U.S.C. § 3582(c) provides that there

are three jurisdictional avenues under which a court may "modify a term of

imprisonment once it has been imposed": (1) in certain circumstances "upon motion of

the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted

by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) in cases

where the applicable sentencing range "has subsequently been lowered by the

Sentencing Commission."  Avenues one and three do not apply here; as such,

Defendant's motion is evaluated under Rule 35(a) of the Federal Rules of Criminal

Procedure.[1]

Rule 35(a) provides that, "within 14 days after sentencing," a court may "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).[2] The Tenth Circuit has emphatically held that this time bar is jurisdictional, such that the Court may only change a sentence **only** within the time period prescribed by the Rule. *United States v. McGaughy*, 670 F.3d 1149, 1158 (10th Cir. 2012) ("Rule 35(a)'s 14-day time limit is jurisdictional. Thus, we find the district court had no jurisdiction to rule on [defendant's] Rule 35(a) claim past the 14–day limit.") Defendant filed her Rule 35 Motion almost four months after sentencing, well after this time limit had passed. As such, the Court has no authority to modify Defendant's sentence, and her Rule 35 Motion is denied.

---

[1] Rule 35(b) allows a court, "on the government's motion," to reduce a sentence if a defendant "provided substantial assistance in investigating or prosecuting another person." This provision is inapplicable in the present case.

[2] Ms. McKern's Motion cites Rule 35 as its basis and states "I am making the motion during my 120 days after sentencing" and that "the ruling states 'Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.'" (Doc. # 87 at 1.) It appears that Defendant is relying on an old version of Rule 35; prior to the 1991 amendments, the Rule stated that "[a] motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed . . . Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision." Fed. R. Crim. P. 35 (advisory committee notes). After the 1991 amendments to the rule, a seven-day time limit governed; in 2009, this time limit was extended to 14 days. *See id.; see also United States v. McGaughy*, 670 F.3d 1149, 1158 (10th Cir. 2012).

### III.  **CONCLUSION**

Because Ms. McKern cannot prevail on her ineffective assistance of counsel claims and because this Court lacks jurisdiction to modify the restitution order under 28 U.S.C. § 2255, she is not entitled to habeas relief;[3] as such, it is ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 82) is DENIED.  Because the Court lacks jurisdiction to change Defendant's sentence, her untimely Rule 35 Motion for Reduction of Sentence (Doc. # 87) is also DENIED.  It is

FURTHER ORDERED that Ms. McKern's related civil case, 15-cv-00853-CMA, is hereby DISMISSED in its entirety.

DATED:  July 15, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[3] The Court finds that no evidentiary hearing is required in this case. A § 2255 movant is entitled to an evidentiary hearing on his claim "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000) (quoting *United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996)). The standard for obtaining an evidentiary hearing "is higher than notice pleading." *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004). "District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim." *Id.* Here, the Court agrees with the Government that no evidentiary hearing is necessary because Movant's § 2255 claims can be decided based upon "the files and records of the case," the affidavit of trial attorney, and the applicable case law. 28 U.S.C. § 2255(b); *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (an evidentiary hearing is not required when the case record conclusively shows the prisoner is entitled to no relief).