**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 13-cr-00444-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STACEY ELLA McKERN,
   a/k/a Michelle E. Aragon,
   a/k/a Stacey Aragon,

    Defendant.

---

**ORDER STRIKING "EMERGENCY ORDER FOR PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241"**

---

This matter is before the Court on Defendant Stacey McKern's "Emergency Order for Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" ("Emergency Motion") as well as the multiple addendums filed thereto. (Doc. ## 102, 104-106.) Her "Emergency Motion" alleges that she is not receiving appropriate medical treatment. (Doc. # 102.)

This is not Ms. McKern's first attempt to have this Court intervene with respect to her medical care. In late July of 2015, Ms. McKern filed two similar "Emergency Motions for Relief of Sentencing to Shorten and/or Vacate" alleging that she had been denied necessary medical care, and on July 28, 2015, this Court issued an Order explaining that it had no jurisdiction (in other words, it had no power) to decide those Motions because it already issued an order denying Defendant's Motion to Vacate, Set

Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Therefore, it denied the motions without prejudice. (Doc. # 99.) The Court explained that this denial did not affect Ms. McKern's ability to file a separate, civil rights complaint alleging a violation of the Eighth Amendment by federal prison staff for deliberate indifference to her medical needs. (*Id.*)[1]

The current "Emergency Motion" is also an improper filing. Under 28 U.S.C. § 2241, *habeas* relief is available if an individual is "in custody in violation of the Constitution or laws or treaties of the United States." Therefore, a proper § 2241 petition challenges "'the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (omission in original) (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993)). In alleging that she was denied medical treatment, Ms. McKern is not attacking the legality of her custody nor seeking release from illegal

---

[1] According to Ms. McKern's most recent filings, she has already filed a civil rights lawsuit regarding her medical care (case no. 15-cv-1733); a review of the docket from that matter indicates that she filed a Complaint on August 11, 2015, and that Magistrate Judge Gordon Gallagher ordered her to cure deficiencies in her Complaint by September 12, 2015. (Case no. 15-cv-1733, Doc. ## 1, 5.) On September 23, 2015, her civil rights action was dismissed without prejudice by Judge Babcock, for her failure to cure these deficiencies. (Case no. 15-cv-1733, Doc. # 6.) In a letter to this Court, she indicates that "Per the Judge's request . . . I filed a Civil Rights Lawsuit Case 15-cv-001733-GPG and was deficient in the forms given the court. I responded to the Civil Rights Case in a motion that the Case Manager denied me access to those forms as well as her manager." (Case no. 13-cr-00444-CMA, Doc. # 106.) The Court notes that Judge Babcock has notice of this fact because she submitted a similar letter in case number 15-cv-1733, alleging that she could not correct the deficiencies in her Complaint because she was denied access to the necessary forms. (Case no. 15-cv-1733, Doc. # 8.) However, the Court has no jurisdiction to intervene in Ms. McKern's separate, civil rights action before Judge Babcock.

custody, but rather, challenging the **conditions of her confinement**; as such, she is required to challenge this action in a civil rights lawsuit. See *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (citation omitted) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement . . . must do so through civil rights lawsuits . . . not through federal habeas proceedings.")  In any case, a petition brought under 28 U.S.C. § 2241 "must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (same).  As such, her action properly belongs in the Northern District of Texas, where she is confined.

Accordingly, Ms. McKern's "Emergency Order for Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," as well as the multiple addendums filed thereto (Doc. ## 102, 104-106), will be stricken from the docket as improper filings.

DATED: October 14, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge